Robert R. Hrabchak, Esq. Town Attorney, Watertown
You have asked whether the notice and hearing provisions of Article 17 of the General Municipal Law apply to the annexation by a city of land in an adjoining town upon which is located a county community college. You have indicated that no persons reside in the area sought to be annexed.
Article 17 of the General Municipal Law establishes the procedure for municipal annexation. The process is commenced by petition of a designated percentage of the persons residing in the territory to be annexed or by the owners of real property constituting a majority of the assessed valuation of real property in the territory (id., § 703). The governing bodies of the annexing local government and of the local government in which the territory to be annexed is located must provide notice of a public hearing to determine whether annexation is in the overall public interest (id., §§ 704, 705). These local governments are empowered to approve the proposed annexation (id., § 711). If one or more, but not all, of the local governments involved disapprove the proposed annexation, an approving local government may commence an action in the appropriate appellate division for a determination whether the proposed annexation is in the overall public interest (id., § 712). In the event that the proposed annexation is approved in either of the two above ways, it is then required that each city, town and village in which the territory to be annexed is situated, call a special election to determine whether annexation shall be approved (id., § 713). Qualified voters residing in the territory proposed to be annexed may vote in this election.
We have found no basis in the statute for dispensing with the notice and hearing provision regarding the annexation proposed in your letter. Since annexation has an impact upon taxes, debt and provision of services in both the annexing local government and the local government containing the territory to be annexed, the notice and hearing provisions are relevant even if no persons reside in the territory to be annexed (see,id., §§ 708, 710). I note, however, that in a previous opinion of this office, we concluded that where no persons reside in the territory to be annexed, a referendum need not be held in that area (Op Atty Gen No. 85-68).
We conclude that where no persons reside in an area proposed to be annexed, a referendum need not be conducted in that area but a public hearing is still required to determine whether annexation is in the overall public interest.